IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BYRON JOSHUA HOLTON, #89049, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-01136-JPG |
| ) | |
| MADISON COUNTY CITY JAIL, ) | |
| KRISTOPHER THARP, ) | |
| DEPUTY SHERIFFS, ) | |
| TONY COURT, ) | |
| MICHAEL HARE, ) | |
| CRAIG RICHERT, ) | |
| BLAKE SELLERS, ) | |
| LT. FROSTER, ) | |
| and STEVE LARKIN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Byron Holton filed this action pursuant to 42 U.S.C. § 1983 for unconstitutional conditions of confinement at Madison County Jail. (Doc. 1). In the Complaint, he complains about the denial of access to safe beds, cell alarms, and affordable commissary items. (*Id*. at 5-6). He seeks money damages. (*Id*. at 7).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated Counts:

> **Count 1:** Defendants subjected Plaintiff to unconstitutional conditions of confinement at Madison County Jail by denying him a safe bed, cell alarm, and affordable commissary items.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

The Complaint does not survive preliminary review. Plaintiff names the "Madison County City Jail" and several individuals as defendants in the case caption. However, he mentions none of them in the statement of his claim. The Court is therefore unable to discern what each defendant did to violate Plaintiff's constitutional rights.

The Madison County City Jail is not a "person" subject to suit under Section 1983. It is not even a suable entity. Pursuant to Federal Rule of Civil Procedure 17, a defendant must have the legal capacity to be sued. *See* FED. R. CIV. P. 17(b). The "Madison County City Jail" has no capacity to be sued under Section 1983 and shall be dismissed with prejudice.

The individual defendants shall be dismissed without prejudice because no allegations suggest that any of them were actually involved in a constitutional deprivation. Section 1983 liability hinges on personal participation or involvement in a constitutional deprivation. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). It creates a cause of action based on personal liability and predicated upon fault. *Id*. The doctrine of *respondeat superior* is inapplicable in this context. *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). A defendant cannot be held liable for a constitutional deprivation caused by a subordinate simply because of his or her supervisory position. Plaintiff must name the individuals who were actually

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

involved in or responsible for the deprivation of his rights (*e.g.*, officers, jail administrator, etc.). He should also describe what each individual did, or did not do, to violate his rights. Plaintiff does not need to go into great detail. He may briefly describe each individual's misconduct in the statement of claim. Having failed to mention any defendants there, however, Plaintiff's Complaint cannot proceed.

The Complaint shall be dismissed without prejudice. If Plaintiff wishes to pursue his claim, he shall have an opportunity to do so. However, he is warned that failure to comply with the instructions and deadline in the below disposition may result in dismissal of this suit for failure to comply with a court order. *See* FED. R. CIV. P. 41(b).

### Pending Motion

Plaintiff's Motion for Service of Process at Government Expense (Doc. 3) is **DISMISSED** as unnecessary. If the Amended Complaint survives screening under Section 1915A, the Court will order service of this lawsuit on the remaining defendants as a matter of course.

### Disposition

**IT IS ORDERED** that the Complaint (**COUNT 1**) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendant **MADISON COUNTY CITY JAIL** is **DISMISSED** with prejudice and **ALL OTHER DEFENDANTS** are **DISMISSED** without prejudice because the Complaint fails to state any claim for relief against them.

Plaintiff is **GRANTED** leave to file an "Amended Complaint" on or before **November 30, 2020**. Should Plaintiff fail to file his Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamming*a, 34

F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. Plaintiff should label the form, "Amended Complaint," and he should use the case number for this action (No. 20-cv-01136-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider along with it. The Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that the obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files an Amended Complaint. 28 U.S.C. § 1915(b)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED**.

    **DATED: 10/29/2020**                                       s/J. Phil Gilbert
                                                                                   **J. PHIL GILBERT**
                                                                                   **United States District Judge**