IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BYRON JOSHUA HOLTON, #89049, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-01136-JPG |
| | ) |
| KRISTOPHER THARP, | ) |
| JOHN LARKIN, | ) |
| and STEVE RIDINGS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter is before the Court for consideration of the First Amended Complaint filed by Plaintiff Byron Holton pursuant to 42 U.S.C. § 1983. (Doc. 9). There, Plaintiff complains of unconstitutional conditions of confinement at Madison County Jail. (*Id*. at 6). He seeks money damages. (*Id*. at 7).

The First Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### First Amended Complaint

Plaintiff sets forth the following allegations in the First Amended Complaint (Doc. 9, p. 7): During his detention at Madison County Jail ("Jail") from February 9 to May 13, 2020, Plaintiff endured unconstitutional conditions of confinement. He was required to sleep on the floor and

1

developed back problems as a result. He had no access to audible emergency alarms in his cell or cell block. Commissary items were too expensive, and laundry was only offered once weekly (instead of twice weekly). Plaintiff asserts that Sheriff Lakin, Captain Ridings, and Captain Tharp were "responsible." (*Id*.).

Plaintiff also alleges that he was unable to vote during his detention at the Jail. He requested voting slips and access to voting in the election that took place on November 3, 2020. However, his request was not granted. Plaintiff maintains that Sheriff Lakin, Captain Ridings, and Captain Tharp were "responsible." (*Id*.).

## Discussion

Based on the allegations in the First Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated Counts:

> **Count 1:** Defendants subjected Plaintiff to unconstitutional conditions of confinement at the Jail by overcharging him for commissary items and forcing him to sleep on the floor in a cell and cellblock that lacked alarms and also lacked twice-weekly laundry services.
>
> **Count 2:** Defendants violated Plaintiff's right to vote in the election on November 3, 2020, when they did not provide him with a "voting slip" at the Jail.

**Any other claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

The First Amended Complaint does not survive screening under Section 1915A. Plaintiff names three high-ranking officials in their individual capacities as being "responsible" for each of the above-referenced deprivations of unspecified rights. However, Plaintiff does not explain how any defendant caused a deprivation of his constitutional or other federal rights. He does not allege

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

2

that any defendant knew of the conditions giving rise to his claims. He also does not assert that any defendants played a role in the decision to have him sleep on the floor, offer laundry services once weekly, set commissary prices, or deny inmates access to emergency alarms.

His allegations regarding "voting slips" are equally vague. He makes no claim that the defendants knew he lacked access to "voting slips." Plaintiff does not allege that he asked any of them for an absentee ballot or access to the polls, and there is no allegations that a defendant actually denied his request for a slip. He merely alleges that they were "responsible" for his lack of access to voting slips.

Plaintiff names the defendants based on their supervisory roles at the Jail. However, a high-ranking official named in his individual capacity "cannot be held liable in a [S]ection 1983 action unless he caused or participated in an alleged constitutional deprivation." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). Mere supervisory status will not give rise to Section 1983 liability without direct involvement in the constitutional deprivation. *Wilson v. Civil Town of Clayton*, 839 F.2d 375, 384 (7th Cir. 1988). Courts reject Section 1983 claims that are based on a *respondeat superior* theory of liability. *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008); *Polk v. Dodson*, 454 U.S. 312, 325 (1981). Plaintiff's theory of liability hinges on *respondeat superior*.

To proceed with his claims against the defendants, Plaintiff must instead allege that each individual defendant directly participated in a deprivation of his constitutionally or federally protected rights. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). He must briefly explain how each defendant was involved. *Id*. A "causal connection" or an "affirmative link" between the misconduct and the official sued is necessary. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). Plaintiff has not demonstrated any causal connection or link.

Therefore, the First Amended Complaint shall be dismissed without prejudice. If Plaintiff wishes to pursue his claims, he shall have one final opportunity to file another amended complaint. He is warned that failure to comply with the instructions and deadline for doing so shall result in dismissal of this suit for failure to comply with a court order. *See* FED. R. CIV. P. 41(b).

## Disposition

**IT IS ORDERED** that the First Amended Complaint (Doc. 9) (including **COUNTS 1** and **2**) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **ALL DEFENDANTS** are **DISMISSED** without prejudice because the First Amended Complaint fails to state any claim for relief against them.

Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" on or before **May 17, 2021**. Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. Plaintiff should label the form, "Second Amended Complaint," and he should use the case number for this action (No. 20-cv-01136-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Second Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to

consider along with it.  The Second Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that the obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a Second Amended Complaint.  28 U.S.C. § 1915(b)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 4/20/2021**                               s/J. Phil Gilbert
                                                                **J. PHIL GILBERT**
                                                                **United States District Judge**