IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BYRON J. HOLTON, #89049, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 20-cv-01136-JPG |
| | ) |
| KRISTOPHER THARP | ) |
| and STEVE RIDINGS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter is before the Court for consideration of the Second Amended Complaint filed by Plaintiff Byron Holton pursuant to 42 U.S.C. § 1983. (Doc. 20). Plaintiff complains about the conditions of his confinement at Madison County Jail. (*Id*. at 6). He seeks monetary relief from the defendants. (*Id*. at 7).

The Second Amended Complaint is now before the Court for screening under 28 U.S.C. § 1915A, which requires the Court to review prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Second Amended Complaint

Plaintiff sets forth the following allegations in the Second Amended Complaint (Doc. 20, p. 6): While detained at Madison County Jail, Plaintiff was subjected to the following conditions beginning February 10, 2020: (a) two extended periods when he was required to sleep on the floor

1

and suffered back pain and injuries as a result (February 10, 2020 to May 13, 2020 and since March 15, 2021); (b) denial of access to an alarm in his cell; (c) lack of routine checks for contagious disease in new inmates; (d) inadequate exercise opportunities; and (e) overcrowding. Plaintiff complained about these conditions in one or more grievances he addressed to Captains Christopher Tharp and Steve Ridings. However, they took no action to remedy the conditions or address the grievances.

## Discussion

Based on the allegations in the Second Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated Counts:

> **Count 1:** Beginning in February 2020, Defendants subjected Plaintiff to unconstitutional conditions of confinement at the Jail that included denial of a bed leading to back pain/injury, denial of access to an alarm, inadequate exercise opportunities, inadequate infectious disease prevention protocols, and overcrowded living conditions.

**Any other claim that is mentioned in the Second Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

The applicable legal standard for this claim depends on Plaintiff's status as a pretrial detainee or a convicted prisoner during the relevant time period. The Fourteenth Amendment Due Process Clause governs the claims of pretrial detainees, while the Eighth Amendment Cruel and Unusual Punishment Clause governs claims brought by convicted persons. For years, pre-conviction Fourteenth Amendment claims and post-conviction Eighth Amendment claims of unconstitutional conditions of confinement were analyzed under the Eighth Amendment standard—which includes an objective and a subjective component. *Hardeman v. Curran*, 933 F.3d 816, 822 (7th Cir. 2019). A plaintiff bringing a claim for unconstitutional conditions of

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

2

confinement under either the Fourteenth or the Eighth Amendment was required to set forth allegations suggesting that he suffered from adverse conditions that denied him "the minimal civilized measure of life's necessities" and that each defendant responded with deliberate indifference to those conditions. *Id*. (citing *Farmer v. Brennan*, 511 U.S. at 834).

More recently, in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), the Supreme Court "put a halt to that equation," in the context of excessive force claims, when it held that the rights of pretrial detainees and prisoners derive from separate sources and require a different analysis. *Hardeman*, 933 F.3d at 822. The Supreme Court announced that the "appropriate standard for a pretrial detainee's excessive force claim is solely an objective one." *Kingsley*, 576 U.S. at 397. The Seventh Circuit Court of Appeals has since held that this objective unreasonableness standard likewise applies to Fourteenth Amendment conditions-of-confinement claims brought by pretrial detainees. *Hardeman*, 933 F.3d at 822-23.

Plaintiff articulates a conditions-of-confinement claim against Defendants under both of these standards for a single condition: the denial of a bed that resulted in unnecessary back pain and injury. His exact legal status (*i.e.*, pretrial detainee or prisoner) and the corresponding legal standard (*i.e.*, Fourteenth Amendment objective unreasonableness standard or Eighth Amendment deliberate indifference standard) can be determined as the case proceeds. At this point, it suffices to find that the allegations support a claim under both standards. Count 1 shall receive further review against both defendants for the deprivation of a bed.

The remaining conditions are insufficient to support a claim under either the Fourteenth or Eighth Amendment. Plaintiff complains of conditions that are not, standing alone or in combination, sufficiently serious to amount to punishment, let alone punishment that is cruel and unusual. This includes his complaints regarding inadequate infectious disease screening,

inadequate exercise opportunities, lack of access to an alarm, and overcrowding. *See, e.g., Smith v. Dart*, 803 F.3d 304 (7th Cir. 2015) (denial of "outside" exercise and presence of "some" pests not sufficiently serious to support claim). All of these conditions could support claims under both amendments, if the severity, duration, or combination of conditions deprived him of one of life's necessities, such food, shelter, clothing, or medical care (*e.g.*, denial of a blanket and lack of heat, denial of infectious disease screening and a COVID outbreak in his cellhouse, or the denial of all exercise opportunities and resulting health issues). Plaintiff's allegations state "possible" but not "plausible" claims against the defendants. As such, they shall be dismissed without prejudice for failure to state a claim.

## Disposition

**IT IS ORDERED** that the Second Amended Complaint (Doc. 20) survives screening. **COUNT 1** against Defendants **KRISTOPHER THARP** and **STEVE RIDINGS** will receive further review, but only as to Plaintiff's claim based on the denial of a bed at the Jail. All other portions of **COUNT 1** are **DISMISED** without prejudice for failure to state a claim for relief against the defendants.

**IT IS ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for Defendants **KRISTOPHER THARP** and **STEVE RIDINGS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint (Doc. 20), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal

service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

   **IT IS SO ORDERED**.

   DATED: 10/6/2021                         s/J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **United States District Judge**

## **Notice**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendant will enter her appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take 90 days or more. The Court will then enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions. Motions filed before the defendant's counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.