# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BYRON JOSHUA HOLTON,** | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) Case No. 3:20-cv-01136-RJD |
| **KRISTOPHER THARP** and **STEVE RIDINGS,** | ) ) ) ) |
| *Defendants*. | ) ) |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COME NOW Defendants, Kristopher Tharp and Steve Ridings, by and through their undersigned attorney, and pursuant to Local Rule 7.1(c), submit their combined Motion and Memorandum of Law in Support of their Federal Rules of Civil Procedure Rule 56 Motion for Summary Judgment. In support of Defendants' Motion, Defendants state as follows:

### I.     INTRODUCTION

On May 13, 2021, Plaintiff filed a Second Amended Complaint pursuant to 42 U.S.C. § 1983 alleging deprivations of his constitutional rights (Doc. 20).

District Judge Gilbert reviewed Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. § 1915A and issued a Memorandum and Order (Doc. 23). In his Order, Judge Gilbert divided Plaintiff's *Pro Se* action into the following Count:

- Count 1: Beginning in February of 2020, Defendants subjected Plaintiff to unconstitutional conditions of confinement at the Jail that included denial of a bed leading to back pain/injury, denial of access to an alarm, inadequate exercise opportunities, inadequate infectious disease prevention protocols, and overcrowded living conditions.

In his Memorandum and Order, Judge Gilbert indicated the only claim which survived screening is the claim based on an alleged denial of a bed at the Jail (Doc. 23). All other claims were dismissed without prejudice for failure to state a claim for relief (Doc. 23).

## II.   SUMMARY JUDGMENT STANDARD

Federal Rules of Civil Procedure Rule 56 provides, as to the moving party, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Parties may use "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" to prove up their motion for summary judgment. FED. R. CIV. P. 56(c)(1)(A). In determining whether there is a genuine issue of fact, the court views the evidence and all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "neither the mere existence of some alleged factual dispute between the parties … nor the demonstration of some metaphysical doubt as to the material facts … will sufficiently demonstrate a genuine issue of material fact." *Forman v. Richmond Police Department*, 104 F.3d 950, 957 (7th Cir. 1997) quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

## III.   ARGUMENT

### A.   Defendants Did Not Violate Plaintiff's Fourteenth Amendment Rights While He Was Detained At The Madison County Jail.

Plaintiff asserts that his constitutional rights were violated. In particular, Plaintiff claims he was denied a bed and housed in the dayroom. The evidence clearly establishes that Plaintiff was not subject to any objectively serious conditions amounting to punishment when he was housed in the dayroom. Further, even assuming that any of the conditions, together or in

combination, constituted objectively serious conditions, there is no evidence that Defendants acted knowingly, recklessly, or that their actions were objectively unreasonable. Plaintiff's Fourteenth Amendment rights were not violated by Defendants.

### B. Plaintiff Was Not Subject To Any Objectively Serious Conditions Of Confinement.

For a plaintiff to proceed on his conditions of confinement claim, the evidence must show that the conditions were objectively unreasonable; that is, he must show that the conditions were not "'rationally related to a legitimate non-punitive governmental purpose'" or that they were "'excessive in relation to that purpose.'" *Hardeman v. Curran*, 933 F.3d 816, 822 (7th Cir. 2019) (citing *Kingsley*, 576 U.S. at 397). However, because only "objectively [and] sufficiently serious" deprivations are actionable as a violation of the Constitution, a detainee still "must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Guitron v. Noonan,* 2020 WL 4904073 at *6 (E.D. Wis. Aug. 20, 2020) citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Here, the evidence of record does not support a finding that Plaintiff was, in fact, subject to any objectively serious conditions during his period of confinement at the Madison County Jail.

#### 1. Sleeping On A Mat Or Portable Bunk Is Not An Objectively Serious Condition.

Plaintiff complains about having to sleep on the floor. To the extent that Plaintiff received a floor assignment at any point during his stay, such an assignment did not violate his constitutional rights. Any assertions that the Plaintiff was forced to sleep directly on the floor are refuted by his own testimony which establishes Plaintiff was never without a mat or a portable bunk. *Exhibit A*, Copy of Plaintiff's Deposition Transcript, Pages 8-9.

It is well-settled that there is no constitutional right for prisoners to have elevated beds, and Plaintiff's placement on a portable bunk did not violate the Fourteenth Amendment. *See Talib v.*

3

*Gilley*, 138 F.3d 211, 215 (5th Cir. 1998); *Gaines v. McDonald*, 577 F. App'x 335, 336 (5th Cir. 2014) ("There is no authority holding that a prisoner has a constitutional right to sleep in an elevated bed."); *Mann v. Smith*, 796 F.2d 79, 85 (5th Cir. 1986) (reasoning that the plaintiff "has cited no case holding that the Constitution requires elevated beds for prisoners, and we know of no source for such a right."). Here, Plaintiff was never without a mat or a portable bunk while at the Madison County Jail nor was he ever required to sleep directly on the floor. To the extent that Plaintiff is complaining about not getting an elevated bed, this does not offend his constitutional rights. Plaintiff has no constitutional right to sleep in an elevated bed and therefore his rights were not violated by receiving a floor assignment.

### 2. The Defendants Did Not Ignore The Overcrowding And Their Response Was Objectively Reasonable.

There is absolutely no evidence that the Defendants purposefully, knowingly, or recklessly disregarded overcrowding conditions. Likewise, their response to the problem was objectively reasonable. As explained below, the Defendants' handling of the overcrowding issues of which the Plaintiff complains, were beyond objectively reasonable and summary judgment is appropriate.

The Seventh Circuit has adopted a two-part test to examine whether a given action has violated the Constitution. *McCann v. Ogle County, Illinois*, 909 F.3d 881, 886 (7th Cir. 2019) (quoting *Miranda,* F.3d at 353). The Seventh Circuit wrote in *McCann*:

> "The first step, which focuses on the intentionality of the individual defendant's conduct, asks whether the defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [plaintiff's] case. At the second step, we ask whether the challenged conduct was objectively reasonable. This standard requires courts to focus on the totality of facts and circumstances faced by the individual and to gauge objectively – without regard to any subjective belief held by the individual – whether the response was reasonable."

4

*McCann*, 909 F.3d at 886.  In other words, a plaintiff "must show that a defendant acted intentionally or recklessly as he 'knew or should have known, that the condition posed an excessive risk to health or safety' and 'failed to act with reasonable care to mitigate the risk.'"  *See Stidmire v. Watson*, 2018 WL 4680666, at *4 (S.D. Ill. Sept. 28, 2018) (paraphrasing *Miranda* and *Kingsley*).  Here, there is no evidence Defendants' actions in handling overcrowding at the Madison County Jail violated the constitution.

### 3. Defendants Did Not Act Knowingly, Recklessly, Or Purposefully.

Plaintiff cannot demonstrate that the individual Defendants possessed the culpable state of mind so as to render them liable under the Fourteenth Amendment.  To establish liability against the Defendants, Plaintiff must prove that they "possessed a purposeful, a knowing, or possibly a reckless state of mind."  *Smith*, 803 F.3d at 309 n.2; *Miranda v. County of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018) ("a detainee must 'prove more than negligence but less than subjective intent—something akin to reckless disregard'").

Here, there is no evidence that any of the Defendants knowingly, recklessly, or purposefully ignored any risks to Plaintiff, nor any other detainee, with respect to their handling of detainee housing and bed assignments.  Rather, the decision to place detainees on floor mats in the dayroom was due to overcrowding issues.  *Exhibit A*, Page 9.  This effort was the least restrictive means the Defendants could impose and minimally impacted the pre-trial detainees' rights, but still addressed the overcrowding.

Therefore, Defendants cannot be found to have acted purposefully, knowingly or recklessly such that they can be found liable under the Fourteenth Amendment.

### C.     <u>Alternatively, Defendants Are Entitled To Qualified Immunity.</u>

"Under the doctrine of qualified immunity, public officials who are performing discretionary functions are shielded from liability for damages insofar as their conduct does not violate clearly-established statutory or constitutional rights of which a reasonable official would have known." *Hope v. Pelzer,* 536 U.S. 730 (2002). "Qualified immunity shields an officer from suit when he makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances he confronted." *Brosseau v. Haugen*, 543 U.S. 194 (2004). "[T]his inquiry 'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" *Id*. It also must be "particularized" based upon the facts confronting the officer and "clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* Qualified immunity remains a question of law for the court. *Forman v. Richmond Police Department*, 104 F.3d 950, 957 (7th Cir. 1997).

"Although qualified immunity is an affirmative defense, once the defense is raised, it becomes the plaintiff's burden to defeat it." *Wheeler v. Lawson,* 539 F.3d 629, 639 (7th Cir. 2008). Courts analyze a defendant's claim to qualified immunity using a two-pronged approach. *Wheeler*, 539 F.3d at 639. The first inquiry is whether a plaintiff's allegations make out a deprivation of a constitutional right. *Id*. If the plaintiff satisfies this burden, then the plaintiff must demonstrate that the right of which the plaintiff was deprived was clearly established at the time of the defendant's alleged misconduct. *Id*. Even assuming the Defendants' actions could be found to have violated the Plaintiff's Fourteenth Amendment rights, qualified immunity would still apply unless no reasonable jail officer or administrator could have believed that their handling of the Plaintiff's situation was lawful. Based upon then-existing precedent, a reasonable jail officer in the Defendants' positions could have believed that their response to the overcrowding concerns at

the Madison County Jail were justified and reasonable under the circumstances. The burden will be on the Plaintiff to establish that the Defendants actions described herein were unreasonable, and were done in violation of some clearly established right. Plaintiff cannot meet his obligations.

Here, the overcrowding at the Madison County Jail was very clearly a matter that Defendants took seriously, and made reasonable steps inside the facility, by housing detainees in the dayroom with a mattress and blanket. Based upon the information that was known to the Defendants, they did not act unreasonably nor did they act in violation of any clearly established law. Accordingly, the Defendants are entitled to qualified immunity.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully move for summary judgment dismissing Plaintiff's Complaint pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Respectfully submitted,

FORDHARRISON LLP

/s/ *Heidi L. Eckert*
Heidi L. Eckert, #6271612
7777 Bonhomme Avenue, Suite 1710
St. Louis, MO 63105
(314) 257-0303 - *Phone*
(314) 257-0321 - *Facsimile*
Heckert@fordharrison.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I have on May 30, 2023, served a true and correct copy of the foregoing via regular mail upon the following:

Byron Joshua Holton, #11479-025
FCI Gilmer
PO Box 6000
Glenville, WV 26351
*Pro Se Plaintiff*                                   /s/ *Heidi L. Eckert*

/kds